IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUNG RO, c/o The Zdrilich Law Group, LLC, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:18-CV-00164-TWT-CMS |
| PAUL KOTI ATSU; ESTHER ADJEI, | |
| Defendants. | |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Esther Adjei's ("Defendant") application to proceed in forma pauperis and Notice of Removal from the Magistrate Court of Gwinnett County. [Doc. 1]. Defendant's affidavit of indigency indicates the inability to pay the filing fee or incur the costs of these proceedings. [Doc. 1 at 1]. The requirements of 28 U.S.C. § 1915(a)(1) having been satisfied, the Court **GRANTS** Defendant's request for leave to proceed in forma pauperis for these proceedings only.

Because it is evident, however, that this Court does not have jurisdiction over the underlying dispossessory action filed against Defendant in the Magistrate Court of Gwinnett County, the Court **RECOMMENDS** that this action be

**DISMISSED** and **REMANDED** to the Magistrate Court of Gwinnett County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, which means that federal courts only have the power to provide a forum for some, not all, disputes. Pursuant to 28 U.S.C. § 1447(c), a district court must remand any action that has been improperly removed if the district court finds that it lacks subject matter jurisdiction. Accordingly, this Court must examine the Notice of Removal and attached exhibits to determine whether the claims raised in the Magistrate Court of Gwinnett County can properly be removed to this Court.

For removal to be proper, a defendant must demonstrate that the action is based on diversity jurisdiction or that the action contains a federal question, i.e., one or more claims arising under the Constitution, treaties, or laws of the United States. See 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In other words, a defendant may remove a case to federal court only if the case could have been brought there originally. See Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441). The party seeking removal bears the burden of establishing federal jurisdiction. See Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

On the Civil Cover Sheet in this action, Defendant indicates that the basis of this Court's jurisdiction is federal question jurisdiction. [Doc. 1-2 at 1]. The underlying action, however, is a dispossessory action which is based solely on state law. The complaint filed in the Magistrate Court of Gwinnett County seeks to institute dispossessory proceedings against Defendant and recover past due rent. [Doc. 1-1 at 5]. The complaint does not show that any federal statute was relied upon in the underlying dispossessory proceeding. Accordingly, Defendant fails to meet her burden of establishing that this Court has jurisdiction over the underlying dispossessory proceeding.

Because Defendant has failed to establish that removal of the underlying dispossessory proceeding is proper, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Gwinnett County. Defendant's application to proceed in forma pauperis [Doc. 1] is **GRANTED** solely for the purpose of remand.

**SO ORDERED, REPORTED, AND RECOMMENDED**, this 19th day of January, 2018.

_____
Catherine M. Salinas
United States Magistrate Judge

3